JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—
# GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-01256-JWH-AS | Date | August 3, 2023 |
| Title | Ana Elsa Lopez v. Lowes Home Centers, LLC, et al. | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER REGARDING JOINT STIPULATION TO REMAND CASE TO STATE COURT [ECF No. 24]**

Before the Court is the Joint Stipulation between Plaintiff Ana Elsa Lopez and Defendant Lowe's Home Centers, LLC to remand this action to Riverside County Superior Court and to provide the parties with certain other relief.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. In view of Lopez's admission and stipulation that her total recovery is capped at $75,000, including damages and costs, the Court concludes that it lacks subject matter jurisdiction over this action.[2]

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of

---

[1] Joint Stipulation to Remand Case to Riverside County Superior Court [ECF No. 24].
[2] *Id.* at ¶ 6.

removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists, *see* 28 U.S.C. § 1331; or (2) complete diversity of citizenship between the parties exists **and the amount in controversy exceeds $75,000**, *see id.* at § 1332.

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

Here, in view of Lopez's admissions and stipulation that the amount in controversy does not exceed $75,000, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, while this Court can and will remand this case to state court, it cannot order the other elements of relief to which the parties have stipulated.[3]

For the foregoing reasons, the Court hereby **ORDERS** that this case is **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**

---

[3] *See id.* at ¶¶ 7-9.